IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORRAINE HARMER,<br>Plaintiffs,<br><br>v.<br><br>PENNSYLVANIA STATE EDUCATION ASSOCATION, et al.,<br>Defendants. | :<br>:<br>:<br>: Civ. No. 18-5433<br>:<br>:<br>:<br>: |

# BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND VACATE DEFENDANT CHESTER COUNTY INTERMEDIATE UNIT'S RULE 68 OFFER(S) OF JUDGMENT

## I. Introduction

On December 18, 2018, Plaintiff Lorraine Harmer, *pro se*, filed this action against Defendant Chester County Intermediate Unit ("CCIU Defendant"), an educational services center and Plaintiff's employer; certain CCIU Defendant officials ("Officials"); and Defendant Pennsylvania State Education Association ("PSEA Defendant"), a labor organization (ECF Doc. No. 1).

On November 19, 2019, Plaintiff, by and through counsel, filed an Amended Complaint against CCIU Defendant (ECF Doc. No. 20); setting out the following counts against all Defendants;

1. **Count I:** Title VII Disparate Treatment, 42 U.S.C. § 2000e-2
2. **Count II:** Title VII Hostile Work Environment, 42 U.S.C. § 2000e-2
3. **Count III:** Title VII Retaliation, 42 U.S.C. § 2000e-3
4. **Count IV:** ADA Disability Discrimination, 42 U.S.C. §§ 12101 et seq.
5. **Count V:** FMLA Interference, 29 U.S.C. § 2615(a)(1)
6. **Count VI:** FMLA Retaliation, 29 U.S.C. § 2615(a)(2)

7. **Count VII:** Disparate Treatment in Violation of Equal Protection Clause, 42 U.S.C. § 1983

8. **Count VIII:** Hostile Work Environment in Violation of Equal Protection Clause, 42 U.S.C. § 1983

9. **Count IX:** Retaliation in Violation of Equal Protection Clause, 42 U.S.C. § 1983

10. **Count X:** PHRA Discrimination, 43 P.S. §§ 951-963

11. **Count XI:** PHRA Retaliation, 43 P.S. §§ 951-963

12. **Count XII:** PHRA Aiding and Abetting, 43 P.S. §§ 951-963

13. **Count XIII:** Pennsylvania Whistleblower Retaliation, 43 P.S. § 1423

14. **Count XIV:** Declaratory Relief Allegations

15. **Count XV:** Injunctive Relief Allegation

On August 18, 2020, Plaintiff's counsel's Motion to Withdraw was granted (ECF Doc. No. 42); thereby Plaintiff now again appears *pro se.*

II. **Factual Background**

On August 21, 2020, upon Plaintiff's request, a meeting was held to discuss the status of recent settlement talks. In attendance were attorneys to CCIU Defendants and Officials, Mr. Justin Barbetta and Mr. John Audi, as well CCIU Assistant Director of Human Resources, Danielle Schoeninger, J.D., Ed.D. During this discussion, it was revealed to Plaintiff that any past extended Rule 68 Offer(s) of Judgment was/were *conditional* only upon Plaintiff's written resignation and further *conditional* upon a *global settlement* of both this matter and Plaintiff's related arbitration matter (opinion and award of the arbitrator did find there was *no just cause* for Plaintiff's recommended dismissal and in-effect suspension, and did award to Plaintiff a complete make-whole

remedy). The arbitration-related matter was last seated as 2020-02984-MJ in the Court of Common Pleas of Chester County, Pennsylvania; with CCIU Defendant recently moving to withdraw its Petition to vacate the arbitrator's award, without prejudice.

On August 23, 2020, Plaintiff did email to CCIU Defendant's attorneys Mr. Barbetta and Mr. Audi, to obtain all iterations of all Rule 68 Offer(s) of Judgment extended by CCIU Defendants to Plaintiff, as follows:

> Gentlemen:
>
> May you please send to me all iterations of any Rule 68 Offer(s) for Judgment extended, and to what attorney(s) each was presented?
>
> Thank you kindly,
>
> [Signature]

On August, 27, 2020, having received no reply, the Plaintiff forwarded her previous outreach to Mr. Barbetta and Mr. Audi, along with the following:

> Gentlemen:
>
> Following up the request below.
>
> Thank you kindly,
>
> Lorraine Harmer

Within the quarter-hour, Plaintiff received the following reply:

> Ms. Harmer:
>
> We are under no obligation to provide the documents you requested and will not do so without an appropriate court order.
>
> John G. Audi

Given CCIU Defendant will not send to Plaintiff whatever iterations of any Rule 68 Offer(s) of Judgment were in existence and/or offered to her, Plaintiff will attempt to piece together her understandings of anything proffered to her under Rule 68 thus far:

1. On April 13, 2020, Plaintiff reviewed a Rule 68 Offer of Judgment, that stated in part:

   > Pursuant to Federal Rule of Civil Procedure ("FRCP") 68, Defendant, Chester County Intermediate Unit #24 ("CCIU"), hereby offers to allow Plaintiff, Lorraine Harmer, to take a judgment against it in this action for the sum listed below, inclusive of attorney's fees, expenses, and costs incurred through the date of this offer, in full satisfaction of Plaintiff's claims and corresponding demands for relief listed in her Amended Complaint (ECF Doc. No. 20) including but not limited to [all counts set out against CCIU Defendants].

   This offer extended by CCIU Defendant appeared to begin settlement talks towards conclusion of this matter, with the offer of Judgment against CCIU Defendant, for one hundred thousand dollars ($100,000.00).

2. However, the document Plaintiff reviewed did also include the languages below; which could, arguably, encompass the claims and corresponding award issued in her arbitration matter – thereby placing unto the Plaintiff the *condition* that her acceptance of a Rule 68 to conclude this matter would as well force the conclusion of any other related matters, including but not limited to her recently awarded complete make-whole remedy:

   > This judgment shall be in full satisfaction of all federal and state law claims or rights and demands, including attorney's fees, expenses, and costs that Plaintiff asserts in her amended complaint (ECF Doc. No. 20; *supra* p. 1(a)-(o)), as well as any other form of relief arising out of the alleged acts or omissions of Defendant, Chester County Intermediate Unit #24, or any official, employee, or agent thereof, including but not limited to: Dr. Joseph O'Brien, Iain Strachan, Maureen Linahan, Mary Curley, and Charles ("Chip") Harper, in

connection with the facts and circumstances that are the subject of this action.

Acceptance of this offer of judgment will act to fully and completely release and discharge the CCIU and any official, employee, or agent, including but not limited: to Dr. Joseph O'Brien, Iain Strachan, Maureen Linahan, Mary Curley, and Charles Harper from any and all claims that were or could have been alleged by Plaintiff, Lorraine Harmer, in the above-referenced action, whether known or unknown.

Acceptance of this offer of judgment will also operate to waive Plaintiff's rights to any claims for attorney's fees, expenses, and costs, pre- or post-judgment interest on the amount of the judgment, actual damages, compensatory damages, punitive damages, liquidated damages, an adjudication and declaration, general and equitable relief, and any other relief demanded in her amended complaint (ECF Doc. No. 20).

3. Given the *conditions* presented in this Rule 68, to seemingly eviscerate her grievance-related arbitration award; this Rule 68 appears to be invalid, given the *conditions* it would move to put upon Plaintiff.

4. An unequivocal and unconditional offer Rule 68 specifies a definite sum or other relief and must have no conditions attached.

5. Therefore, Plaintiff asks the Court to strike and vacate this Rule 68 so that it shall have no effect or impactful standing in this matter.

6. Upon information and belief, no other fully developed and **dated** Offer of Judgment was ever again presented to Plaintiff's counsel by CCIU Defendant, up to and including the date Plaintiff's counselor submitted his Motion to Withdraw on August 11, 2020 (ECF Doc. No. 34).

7. On August 12, 2020, Plaintiff was presented a fully developed and dated

> Rule 68 Offer of Judgment in the amount of one hundred twelve thousand, five hundred dollars ($112,500.00) [1]

## III. Discussion

"Federal Rule of Civil Procedure 68 (FRCP 68 or Rule 68) provides defendants with this tool to pressure plaintiffs to settle… The purpose of FRCP 68 is to "prompt both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits." Marek v. Chesny, 473 U.S. 1, 5 (1985).

The rule permits defendants, at least 14 days prior to the date set for trial, to make an offer to the plaintiff which, if accepted, requires an entry of judgment against the defendant, on the terms provided for in the offer. Alternatively, if the plaintiff rejects or does not respond to the offer within 14 days and subsequently receives a less favorable judgment at trial, the plaintiff must pay the defendant's post-offer costs and is not entitled to its own post-offer costs to which it might otherwise be entitled under several employment law statutes.

On January 7, 2007, in ROSEMARY SUSAN SEAMAN, Plaintiff, v. FOCUS ON RENEWAL -- STO-ROX NEIGHBORHOOD CORPORATION, et al., Defendants. (Civil Action No. 05-1014); it was ordered that the Plaintiff's Motion be GRANTED and the Defendant's Offer of Judgment, served on the Plaintiff December 7, 2006, be VACATED given no legal effect, with the Memorandum lying out, in part:

> On December 7, 2006, the Defendants served on the Plaintiff an Offer of
> Judgment pursuant to Federal Rule 68, agreeing to settle the case for

---

[1] This offer was presented to Plaintiff by her union attorney. However, Plaintiff's union attorney does not represent or advise Plaintiff in this matter. Quite the contrary, it would likely be a conflict of interest for him to do so; given the fact that he is employed by PSEA Defendant. This offer was as well *conditional*, to be executable only upon both Plaintiff's written offer of resignation and signature on a separately drafted Agreement.

$135,000.00. *See* Offer of Judg. at 1 (filed under Doc. 22-2). The Offer goes on to say that the Plaintiff's acceptance "would also resolve all claims in the pending administrative" actions before the PHRC and EEOC "with prejudice[,] and would release all claims [the] Plaintiff . . . could have brought." *See id.* at 1-2. This is not a valid offer of judgment.

Under Rule 68, the Defendants may make an offer regarding claims upon which "judgment [may be] finally obtained." *See id.* Unless and until the Plaintiff's discrimination charges are made part of this lawsuit, no judgment on them can be offered or taken. The Defendants' inclusion of the discrimination charges is legally unprecedented and inconsistent with the purpose of the Rule. *Cf., e.g.,* Association of Disabled Americans v. Neptune Designs, Inc., 469 F.3d 1357, 1360 n.4 (11th Cir. 2006) ("Rule 68 allows a defendant to make an offer of judgment," and "if a plaintiff refuses the offer and then ultimately recovers less at trial than the offer amount, the plaintiff is required to pay the costs incurred from the time of the offer") (emphasis added).

These conclusions are consistent with the rule that offers of judgment must be "unconditional." 12 Fed. Prac. & Proc. Civ.2d § 3002 (Wright & Miller 2006); *accord* 20 C.J.S. Costs § 40 (2006); Herrington v. County of Sonoma, 12 F.3d 901, 907 (9th Cir. 1993) (citation omitted); Arrow Elecs. v. Hecmma, Inc., 2005 U.S. Dist. LEXIS 21262, 2005 WL 2276407, *2 (W.D. Va. Sept. 19, 2005) (citation omitted). While some exceptions have been recognized, they clearly are distinguishable.

For the reasons just stated, the Defendants' Offer of Judgment is invalid. And though Plaintiff's counsel seeks reformation, the proper course is to vacate the Offer. *See* Freeman v. B & B Associates, 790 F.2d 145, 151-52 (D.C. Cir. 1986) ("the proper relief for an impermissibly coercive offer of judgment" is to "vacate rather than reform the offer"; "[e]limination of an express and integral term from an offer of judgment . . . destroys the binding force . . . on the defendant by vitiating the defendant's consent").

As noted above, Plaintiff was never provided any *unconditional* Rule 68 Offer of Judgment. Rather, any offer appears to have been *conditional* upon her waiving and/or compromising her arbitration award which was litigated separately before an arbitrator. This stance that any Rule 68 Offer of Judgment was *conditional* was also well laid by Mr. Audi, during the aforementioned meeting held on August 21, 2020 with Mr. Barbetta, Dr. Schoeninger, and Plaintiff – wherein he further informed Plaintiff, "If you want to take the Rule 68 Offer you have to tell us now and that has to resolve

**everything**" (*emphasis added*), and that no Rule 68 Offer of Judgment would be extended absent Plaintiff's *resignation*. Based on Plaintiff's careful handwritten notes, she further recounts the following exchanges made during the August 21st meeting:

| | |
|---|---|
| Plaintiff: | If I would accept the Rule 68, I could still remain an employee and we'd still be completing the make-whole portion of the arb award, correct? |
| Mr. Audi: | No. No. The Rule 68, the $350,000… that includes the resignation part. |
| Plaintiff: | Right, so if we're looking at them as two separate pieces, the arb award is being resolved – |
| Mr. Audi: | – they're not separate, they're not in pieces, they're not. It's **one** agreement. It **includes** a resignation, a $350,000 amount for the resignation, $112,000 [sic $112,500] including some attorney's fees – for these claims. |
| Plaintiff: | So, within the Rule 68 is that specified; that resignation be required, and so on and so forth? That was not specified. |
| Mr. Barbetta: | Ms. Harmer, we are not – what Mr. Audi is saying is that at this point, the resolution of the Federal case through a Rule 68 offer… that was previously offered at one time – |
| Plaintiff: | – so, the Rule 68 is tied to the – |
| Mr. Audi: | – yes, it's the global offer that was on the table and if you're not interested in the full offer than I don't have **anything** to discuss. |

Pursuant to 28 U.S.C. § 1746, Plaintiff's Declaration and sworn statement as pertains to the conversations detailed above, as a true and correct reflection of what was said during the meeting held on August 21, 2020, follows this Brief.

Offers of judgment must be "unconditional." 12 Fed. Prac. & Proc. Civ.2d § 3002 (Wright & Miller 2006); *accord* 20 C.J.S. Costs § 40 (2006); Herrington v. County of Sonoma, 12 F.3d 901, 907 (9th Cir. 1993) (citation omitted); Arrow Elecs. v. Hecmma, Inc., 2005 U.S. Dist. LEXIS 21262, 2005 WL 2276407, *2 (W.D. Va. Sept. 19, 2005) (citation omitted).

For at least the reasons just stated, any Rule 68 Offer of Judgment presented by CCIU Defendant is invalid. The proper course is to strike and vacate any Rule 68. See Freeman v. B & B Associates, 790 F.2d 145, 151-52 (D.C. Cir. 1986) ("the proper relief for an impermissibly coercive offer of judgment" is to "vacate rather than reform the offer"; "[e]limination of an express and integral term from an offer of judgment . . . destroys the binding force . . . on the defendant by vitiating the defendant's consent")"; as *supra*.

## IV. Conclusion

For the foregoing reasons demonstrating invalidity, Plaintiff respectfully prays that this Honorable Court Order to Strike and Vacate any Offer(s) of Judgment put forth by CCIU Defendant; allegedly under Rule 68.

Date: <u>September 3, 2020</u>　　　　　　　　Signature: <u>/s/ *Lorraine Harmer*</u>

　　　　　　　　　　　　　　　　　　　　　　　　Lorraine Harmer

　　　　　　　　　　　　　　　　　　　　　　　　*Pro Se* Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORRAINE HARMER,<br>Plaintiffs,<br><br>v.<br><br>PENNSYLVANIA STATE EDUCATION<br>ASSOCATION, et al.,<br>Defendants. | :<br>:<br>:<br>: Civ. No. 18-5433<br>:<br>:<br>:<br>: |

# **DECLARATION OF PLAINTIFF**

I, Plaintiff Lorraine Harmer, *pro se*, declare under the penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am over 18 and a resident of Pennsylvania.

2. I attended a Zoom meeting conference on August 21, 2020 with attendees Mr. John Audi, Mr. Justin Barbetta, and Dr. Danielle Schoeninger.

3. Each of the aforementioned attendees was independently logged into the Zoom meeting session.

4. My husband was present during the meeting, as a support person to me. However, he was not independently logged into the Zoom meeting session. Nor, did he directly participate in any of the conversations had.

5. My recounting of this meeting was based on my careful handwritten notes. They are a true and correct recitation of what was said.

Executed: <u>September 3, 2020</u>          Signature:  <u>*/s/ Lorraine Harmer*</u>

                                                            Lorraine Harmer

                                                            *Pro Se* Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LORRAINE HARMER,<br>Plaintiffs,<br><br>v.<br><br>PENNSYLVANIA STATE EDUCATION<br>ASSOCATION, et al.,<br>Defendants. | :<br>:<br>:<br>: Civ. No. 18-5433<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I, Plaintiff Lorraine Harmer, *pro se*, do hereby certify that on September 3, 2020, a true and correct copy of the Brief in Support of Plaintiff's Motion to Strike and Vacate Defendant Chester County Intermediate Unit's Rule 68 Offer(s) of Judgment, and Declaration was served via email, to the following:

- Scott P. Stedjan, Esq.: sstedjan@killiangephart.com
- John G. Audi, Esq.: JAudi@sweetstevens.com
- Justin D. Barbetta, Esq.: jbarbetta@sweetstevens.com


Date: September 3, 2020          Signature: */s/ Lorraine Harmer*

                                                             Lorraine Harmer

                                                              *Pro Se* Plaintiff