**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LORRAINE HARMER** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No.: 2:18-cv-05433 |
| **PENNSYLVANIA STATE EDUCATION** | : | |
| **ASSOCIATION, et al.,** | : | |
| Defendants. | : | |
| | : | |
| | : | |
| | : | |

**RULE 68 OFFER OF JUDGMENT AGAINST CHESTER COUNTY INTERMEDIATE**
**UNIT**

1. Pursuant to Federal Rule of Civil Procedure ("FRCP") 68, Defendant, Chester County Intermediate Unit #24 ("CCIU"), hereby offers to allow Plaintiff, Lorraine Harmer, to take a judgment against it in this action for the sum listed below, inclusive of attorneys' fees, expenses, and costs incurred through the date of this offer, in full satisfaction of Plaintiff's claims and corresponding demands for relief listed in her Amended Complaint (ECF Doc. No. 20), including but not limited to the following:

   a. Count I-Title VII Disparate Treatment/42 U.S.C § 2000e-2 against the CCIU seeking compensatory damages, attorney's fees and costs, pre- and post- judgment interest and court costs, an adjudication and declaration, and general and equitable relief;

   b. Count II-Title VII Hostile Work Environment/42 U.S.C § 2000e-2 against the CCIU seeking compensatory damages, attorney's fees and costs, pre- and post- judgment interest and court costs, an adjudication and declaration, and general and equitable relief;

c.  Count III-Title VII Retaliation/42 U.S.C § 2000e-3 against the CCIU seeking compensatory damages, attorney's fees and costs, pre- and post- judgment interest and court costs, an adjudication and declaration, and general and equitable relief;

d.  Count IV-ADA Disability Discrimination/42 U.S.C. §§ 12101 et seq. against the CCIU seeking compensatory damages, including front and back pay for bonuses, personal days, overtime, and emotional distress, consequential damages, punitive damages, attorney's fees and costs, expert witness fees, costs of suit, interest, and all other equitable and just relief;

e.  Count V-FMLA Interference/29 U.S.C. §2615(a)(1) against the CCIU seeking compensatory damages, attorney's fees and costs, pre- and post-judgment interest, liquidated damages, an adjudication and declaration, and general and equitable relief;

f.  Count VI-FMLA Retaliation/29 U.S.C. §2615(a)(2) against the CCIU seeking compensatory damages, attorney's fees and costs, pre- and post-judgment interest, liquidated damages, an adjudication and declaration, and general and equitable relief;

g.  Count VII-Disparate Treatment in Violation of the Equal Protection Clause/42 U.S.C. § 1983 against the CCIU and all individually named Defendants seeking actual damages, compensatory damages, attorney's fees and costs, litigation costs, pre- and post-judgment interest, an adjudication and declaration, punitive damages, front pay, and general and equitable relief;

h.  Count VIII-Hostile Work Environment in Violation of the Equal Protection Clause/42 U.S.C. § 1983 against the CCIU and all individually named Defendants seeking actual damages, compensatory damages, attorney's fees, litigation costs, pre- and

post-judgment interest, an adjudication and declaration, punitive damages, front pay, and general and equitable relief;

i.  Count IX-Retaliation in Violation of the Petition Clause/42 U.S.C. § 1983 against the CCIU and all individually named defendants for actual damages, compensatory damages, attorney's fees, litigation costs, pre- and post-judgment interest, an adjudication and declaration, punitive damages, front pay, and general and equitable relief;

j.  Count X-PHRA Discrimination/43 P.S. §§951-963 against the CCIU and all individually named Defendants for actual damages, compensatory damages, attorney's fees, litigation costs, pre- and post-judgment interest, an adjudication and declaration, punitive damages, and general and equitable relief;

k.  Count XI-PHRA Retaliation/43 P.S. §§951-963 against the CCIU and all individually named Defendants for actual damages, compensatory damages, attorney's fees, litigation costs, pre- and post-judgment interest, an adjudication and declaration, punitive damages, and general and equitable relief;

l.  Count XII-PHRA Aiding and Abetting/43 P.S. §§951-963 against the CCIU and all individually named Defendants for actual damages, compensatory damages, attorney's fees, litigation costs, pre- and post-judgment interest, an adjudication and declaration, punitive damages, and general and equitable relief;

m.  Count XIII-Pennsylvania Whistleblower Retaliation/43 P.S. § 1423 against the CCIU and all individually named Defendants for actual damages, compensatory damages, attorney's fees, litigation costs, pre- and post-judgment interest, an adjudication and declaration, reinstatement, front pay, and general and equitable relief;

    n.   Count XIV-Declaratory Relief

    o.   Count XV-Injunctive Relief

2.     Defendant offers to allow Plaintiff, Lorraine Harmer, to take a judgment against it in this action for the total sum of one hundred twelve thousand five dollars ($112,500.00) to be paid in two checks as follows: (1) one check to Lorraine Harmer in the amount of $69,741.32 to be reported on an IRS Form 1099 (",-Box 3") for settlement of her claims for alleged physical injury; and (2) one check to Derek Smith Law Group, PLLC in the amount of $42,758.68 for attorneys' fees and costs to be reported on an IRS Form 1099, Box 3.

3.     This judgment shall be in full satisfaction of all federal and state law claims or rights and demands, including attorney's fees, expenses, and costs that Plaintiff asserts in her Amended Complaint (ECF Doc. No. 20; *supra* p. 1(a)-(o)), as well as any other form of relief arising out of the alleged acts or omissions of Defendant, Chester County Intermediate Unit #24, or any official, employee, or agent thereof, including but not limited to: Dr. Joseph O'Brien, Iain Strachan, Maureen Linahan, Mary Curley, and Charles ("Chip") Harper, in connection with the facts and circumstances that are the subject of this action.  This Rule 68 offer and judgment shall have no effect on the parties claims or defenses related to the Arbitration Opinion and Award BOM Case No. 2018-1010 authored by Kathleen Miller, Esquire, which is being resolved separately.

4.     This offer of judgment expires on June 17, 2020, at 5:00 pm.

5.     This offer of judgment is made for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure– and is not intended to be construed as an admission of any liability or

wrongdoing by the CCIU or any of the aforementioned officials, employees, or agents, nor is it an admission that Plaintiff has actually suffered any of the damages alleged.

6.    Acceptance of this offer of judgment will act to fully and completely release and discharge the CCIU and any official, employee, or agent, including but not limited to: Dr. Joseph O'Brien, Iain Strachan, Maureen Linahan, Mary Curley, and Charles Harper from any and all claims that were or could have been alleged by Plaintiff, Lorraine Harmer, in the above-referenced action, whether known or unknown.  This Rule 68 offer and judgment shall have no effect on the parties claims or defenses related to the Arbitration Opinion and Award BOM Case No. 2018-1010 authored by Kathleen Miller, Esquire, which is being resolved separately.

7.    Acceptance of this offer of judgment will also operate to waive Plaintiff's rights to any claims for attorney's fees, expenses, and costs, pre- or post-judgment interest on the amount of the judgment, actual damages, compensatory damages, punitive damages, liquidated damages, an adjudication and declaration, general and equitable relief, and any other relief demanded in her amended complaint (ECF Doc. No. 20).  This Rule 68 offer and judgment shall have no effect on the parties claims or defenses related to the Arbitration Opinion and Award BOM Case No. 2018-1010 authored by Kathleen Miller, Esquire, which is being resolved separately.

8.    Plaintiff, Lorraine Harmer, agrees that the payment of $112,500 within ~~thirty~~ fourteen (14~~30~~) days of the date of acceptance of the offer shall be reasonable time for such payment.

9.    If accepted, the judgment shall contain and recite the terms and conditions set forth herein.

SWEET, STEVENS, KATZ & WILLIAMS LLP

Date: ~~June 17, 2020~~                    By:  /s/ Justin D. Barbetta
                                                          Justin D. Barbetta, Esquire, Atty. I.D. #318221
                                                           331 E. Butler Avenue, Post Office Box 5069
                                                           New Britain, PA  18901
                                                           (215)-345-9111
                                                           (215)-348-1147 – Facsimile
                                                           *Attorney for Defendants,*
                                                           *Chester County Intermediate Unit, Dr. Joseph O'Brien,*
                                                           *Iain Strachan, Maureen Linahan, Mary Curley, and*
                                                           *Charles Harper*